Reese, J.
delivered the opinion of the court.
Complainant is the builder, as he alledges, of a grist and saw. *33 mill for defendant Wilson, at 290 dollars — the buildings were commenced in December 1838, and completed in December, 1840. Previously to this time the other defendants, creditors of the said Wilson, obtained judgment against him, and caused the tract of land on which the mills were constructed to be levied on and sold by a sheriff, and became purchasers and obtained a sheriff’s deed. Wilson absconded to Texas, and this bill is filed to obtain a decree for the amount of his indebtedness, and to have satisfaction of the same by a sale of the mills and one acre of land on which they stood. The defendants, Jacobus and Garthwaite, have demurred to this bill; the demurrer was overruled, and an appeal to this court. The question here principally discussed upon the demurrer, is,, whether a court of chancery because of the provisions of the acts of 1825, sec. 1-2 ch. 37, 1829, ch. 26, sec. 1-2, and 1835, ch. 40, giving to a mechanic, building in whole or in part, or furnishing materials in whole or in part, a lien on such building, and the land or lot in which it stands not exceeding one acre, can entertain jurisdiction to investigate the fact and the extent of indebtedness to the mechanic, or the amount of damages that may be recoverable by the mechanic, against the person for whom he may build Or furnish materials. It seems to be thought that as a consequence of such lien thus given, a court of chancery, as a matter of course, is clothed with jurisdiction. But we think an attentive consideration of the terms and the objects of the acts in question will lead to a different impression. The debt or damages due to a mechanic, we think are in general to be ascertained and recovered in a court of common law, and the lien like a lien of judgment, to be made effectual by a fieri facias to be issued thereon. The legislature do not seem to have intended to subject the mechanic, in order to effectuate his lien, to go into a court of chancery, and the situation of his claim in other respects is peculiarly adapted to a common law forum. It is unnecessary, however, conclusively to determine this question. For this is a bill against an insolvent, absconding and non-resident debtor, having no property whatever — and upon whom personal service of the process cannot be had. As against *34 him therefore, a bill on such grounds might well be filed, and the only question, of course, which the demurrer raises under these circumstances is, whether the other defendants are necessary parties. We are of opinion, indeed, that the bill might have been filed against the absconding and non-resident debtor alone, and upon a decree simply for the debt an execution as at law might have been levied upon the mills and acre of land, and the lien secured by the statute, have been in that way made effectual; that as he had a right to come in to a court of chancery, under the circumstances of the case, the defendants who have demurred might well, to save circuity of suits, and for the greater safety of all concerned, be made parties. We think, therefore, the demurrer was rightly overruled — but the chancellor, in ordering a sale without ascertaining and decreeing the indebtedness of defendant Wilson, was led to adopt an erroneous course. For that reason, therefore, the decree must-be reversed, and the cause be remanded for further proceedings.